Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Michelle F. Fayak                              Docket No. 1:17MJ00091

### Petition on Probation

COMES NOW Sherylle Gant, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Michelle F. Fayak, who was placed on supervision by the Honorable Theresa Carroll Buchanan, United States Magistrate Judge sitting in the Court at Alexandria, Virginia, on the 23rd day of May, 2017, who fixed the period of supervision at 6 months, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1) the defendant shall continue Mental Health Testing/Treatment at the direction of the probation officer.
2) no fine imposed; mandatory $10.00 special assessment, to be paid within thirty (30) days.

The special assessment was satisfied May 23, 3017.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Returnable Date:** December 5, 2017 @10:00 am

**ORDER OF COURT**

Considered and ordered this 13th day of November, 2017, and ordered filed and made a part of the records in the above case.

_____
Theresa Carroll Buchanan
United States Magistrate Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: 11/07/2017

_____
Sherylle Gant
U.S. Probation Officer
(703) 366-2131
Place: Manassas

**TO CLERK'S OFFICE**

Petition on Probation
Page 2
RE: FAYAK, Michelle F.

OFFENSE: Assault, in violation of Title 18, U.S.C., §113(a)(5)

SENTENCE: Six (6) months of supervised probation with special conditions noted on page 1.

ADJUSTMENT TO SUPERVISION: During Ms. Fayak's initial office appointment with this officer on June 5, 2017, she reported that she had been seeing Dr. Athena Staik, PhD, LMFT, at Lifetime Transformations LLC, for mental health counseling prior to her conviction. She later advised that she would not be able to continue to see Dr. Staik on a regular basis due to her financial situation, and this officer advised that she would be referred to one of our contracted vendors at no cost to her.

Ms. Fayak's overall adjustment to supervision has been unsatisfactory. It appears that Ms. Fayak often makes herself unavailable to the probation officer, Dr. Staik, and mental health personnel at the Center for Clinical and Forensic Services (CCFS). If she does not answer her telephone, it is often forwarded to another number and the majority of the time a voice mail message cannot be left for her. Ms. Fayak reported that her modem has been broken since the onset of supervision so contact via electronic mail does not appear to be an option. As the result of these issues, she has been directed to check her U.S. Postal Service (USPS) mailbox on a regular basis for correspondence from this officer. Most recently she has become verbally aggressive to this officer via five voice mail messages left on November 2, 2017, two voice mail messages left on November 3, 2017, two voice mail messages left on November 6, 2017, and another on November 7, 2017. She has also been accusing this officer of suspending her driver's license and the tags for her vehicle.

This officer contacted Dr. Staik immediately on November 3, 2017, after having listened to only two of the five voice mail messages that Ms. Fayak had left on November 2, 2017. During the conversation, Dr. Staik related that Ms. Fayak was very triggered and related that Ms. Fayak had called her on November 2, 2017, with a plethora of reasons she would be unable to report to this officer or for her psychiatric evaluation scheduled for November 2, 2017. Dr. Staik told Ms. Fayak that she needed to make both appointments, even if she had to utilize Uber. Ms. Fayak hung the phone up on her. Dr. Staik related that Ms. Fayak's stress response appears to be one of lashing out at the probation officer and not taking responsibility for herself.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**SPECIAL CONDITION 1:** **THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH PROGRAM AS DIRECTED BY THE PROBATION OFFICER.**

Michelle Fayak failed to report for a psychiatric evaluation with Center for Clinical and Forensic Services (CCFS) on October 9, 2017.

On October 25, 2017, Dr. Staik left a voice mail message for this officer and advised that Ms. Fayak had contacted her and cancelled her appointments for the past couple of weeks.

Michelle Fayak failed to report for a psychiatric evaluation with CCFS on November 3, 2017.

**CONDITION 3:** **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

Petition on Probation
Page 3
RE: FAYAK, Michelle F.

Michelle Fayak failed to answer the door for a scheduled home inspection with this officer on June 14, 2017. She later claimed she was home but on her deck.

On August 2, 2017, CCFS officials contacted this officer and advised they had left several messages for Ms. Fayak to contact them to schedule her psychiatric evaluation and had not received a response. A notice letter was mailed to her on August 2, 2017, directing her to: 1) schedule her psychiatric evaluation appointment with CCFS; 2) call this officer and advise of the appointment date and time; 3) contact OAR for employment assistance; and 4) report to the probation office on August 7, 2017. She failed to do all of the above.

On August 9, 2017, this officer traveled to Ms. Fayak's residence for an unscheduled home visit as the result of her failure to comply with the directives in the notice letter. She was also directed to answer phone calls, respond to voice mail and/or electronic messages left for her by this officer or mental health treatment providers. If she was unable to answer phone calls, she was directed to check her USPS mailbox for correspondence from the probation officer on a regular basis. She was also directed to contact CCFS immediately and schedule an appointment and contact OAR for employment assistance. She continues to be noncompliant with regard to making herself available via telephone, and she has not contacted OAR.

During a telephone conversation with Ms. Fayak on October 24, 2017, she was advised that both this officer and CCFS had been trying to get in touch with her since October 11, 2017, regarding her psychiatric evaluation. She related that she had not checked her voice mail, electronic mail, or USPS mail. This officer advised her that the psychiatric evaluation had been rescheduled for November 3, 2017, at 3:15 p.m., and directed that she report on time and without fail, or a violation report would be submitted to the Court. She failed to report for the appointment.

This officer conducted an unscheduled home visit with Ms. Fayak on November 1, 2017. It took several telephone calls and waiting for her for 24 minutes before she finally came out of the garage. She was reminded of her psychiatric evaluation with CCFS on November 3, 2017, at 3:15 p.m. She was advised that the arresting agency failed to enter her fingerprints into the system for her Assault conviction, and this officer would need to obtain her fingerprints and enter the information into FBI records. She was directed to report to the U.S. Probation Office at 11:30 a.m. on November 3, 2017, for this officer to obtain her fingerprints. Ms. Fayak became paranoid that she was going to be arrested at the appointment and this officer assured her the appointment was only to obtain her fingerprints. She failed to report on November 3, 2017.

**CONDITION 11:** **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BEING ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER.**

During a conversation with Dr. Staik on November 2, 2017, she related that Ms. Fayak had mentioned suicide to another doctor the previous week, and the doctor called the police. The police conducted a wellness check at Ms. Fayak's residence and contacted Dr. Staik. Dr. Staik's assessment was that Ms. Fayak was not suicidal, but it was an act of desperation. Ms. Fayak did not report the police contact.

SCG/iyh